UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER RONDAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 17-1454 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On July 21, 2017, plaintiff Esther Rondan filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 25, 2017, Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 1, 2013, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on June 28, 2011, due to schizophrenia, bipolar disorder, diabetes, anxiety, and depression. (Administrative Record ("AR") 33, 198, 201, 225). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 3, 2015. (AR 51-72).

On February 26, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 33-46). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: schizophrenia, bipolar disorder, diabetes mellitus, anxiety, depression, and history of arthroscopic knee surgery (AR 35); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 36); (3) plaintiff retained the residual functional capacity to perform a range of medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with additional limitations[1] (AR 37); (4) plaintiff could not perform any past relevant work (AR 44); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could

---

[1] The ALJ determined that plaintiff could (i) lift and/or carry 50 pounds occasionally and 25 pounds frequently; (ii) stand and/or walk for six hours out of an eight-hour workday with regular breaks; (iii) sit for six hours out of an eight-hour workday with regular breaks; (iv) not climb ladders, ropes, or scaffolds; (v) occasionally use moving, hazardous machinery; (vi) occasionally have exposure to unprotected heights; (vii) perform unskilled work at all reasoning levels appropriate for unskilled work; (viii) have only occasional and superficial interaction with the public; (ix) occasionally have interaction with coworkers; and (x) not perform customer service related decisions because plaintiff would work better with things, rather than people. (AR 37).

2

perform (AR 45-46); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were less than fully credible (AR 38).

On May 22, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B.     Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need

not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

## IV. DISCUSSION

Plaintiff contends that a remand or reversal is warranted because the ALJ failed to articulate legally sufficient reasons for rejecting plaintiff's subjective complaints. (Plaintiff's Motion at 4-13). The Court disagrees.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a) & (d), 416.929(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10; SSR 96-7p, 1996 WL 374186, at *1-*5.[2] When an individual's subjective statements are inconsistent

---

[2] Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks
(continued...)

with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8; SSR 96-7p, 1996 WL 374186, at *1-*3. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89.[3] This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-

---

[2](...continued)
omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA recently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27. It is unclear from such language whether SSR 16-3p is retroactive where, like here, the ALJ issued the decision under review *before* SSR 16-3p became "applicable" on March 28, 2016, but the Appeals Council denied review (and thus the Commissioner's decision became "final") *after*. The issue of retroactivity, however, need not be resolved here since the ALJ's evaluation of plaintiff's subjective complaints passes muster whether SSR 16-3p or its predecessor, SSR 96-7p, governs.

[3]It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

3p, 2017 WL 5180304, at *10; SSR 96-7p, 1996 WL 374186, at *2, *4. An ALJ must clearly identify each statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

**B.     Analysis**

Here, plaintiff argues that the ALJ provided "woefully insufficient reasons" for rejecting plaintiff's subjective statements. (Plaintiff's Motion at 5) (citing AR 38-39). Curiously, in plaintiff's own briefing plaintiff does not identify any specific subjective complaint plaintiff believes the ALJ improperly rejected. (Plaintiff's Motion at 4-12). Plaintiff does assert that she testified "[a]t the hearing . . . about the nature and extent of her condition[,]" but provides citations for the transcript of all witness testimony from the administrative hearing in plaintiff's case, plaintiff's entire function report, and a third-party function report (which, by definition, contains no direct statements from plaintiff at all). (Plaintiff's Motion at 5) (citing AR 51-72, 244-252, 253-261). Plaintiff also says "[t]he ALJ summarized that testimony in the decision," but simply cites a portion of the ALJ's credibility analysis from the decision and again does not specify any individual subjective complaint which the ALJ is alleged to have erroneously rejected. (Plaintiff's Motion at 5) (citing AR 38-39). Such sweeping and conclusory arguments are insufficient to justify a remand here. See Carmickle v. Commissioner of Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to ALJ's finding where claimant "failed to argue th[e] issue with any specificity in [] briefing") (citation omitted); Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (appellate courts "review only issues which are argued specifically and

distinctly in a party's opening brief.") (citations omitted); <u>Carmen v. San Francisco Unified School District</u>, 237 F.3d 1026, 1030-31 (9th Cir. 2001) (on summary judgment parties must provide citations to location in record where specific facts may "conveniently be found" and court may limit its review to those parts of the record the parties have "specifically referenced"); <u>Keenan v. Allan</u>, 91 F.3d 1275, 1279 (9th Cir. 1996) (district court not required to "scour the record" on summary judgment where party has failed to identify specific record evidence with reasonable particularity) (citations omitted).

Similarly, plaintiff also asserts that the ALJ "did not consider [plaintiff's] credible testimony" and "did not identify clear and convincing reasons supporting her disbelief[,]" but instead simply "articulated generalities." (Plaintiff's Motion at 11). Again, such conclusory argument, without more, fails to persuade the Court that a remand is warranted here. <u>See</u> <u>Independent Towers of Washington</u>, 350 F.3d at 929 (party's "bare assertion of an issue" in briefing "does not preserve a claim" on appeal) (citations omitted); <u>Moody v. Berryhill</u>, 245 F. Supp. 3d 1028, 1032-33 (C.D. Ill. 2017) ("The Court 'cannot fill the void [in a claimant's analysis] by crafting arguments and performing the necessary legal research.'") (citing <u>Anderson v. Hardman</u>, 241 F.3d 544, 545 (7th Cir. 2001)); <u>Rogal v. Astrue</u>, 2012 WL 7141260, *3 (W.D. Wash. Dec. 7, 2012) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work–framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (citations omitted), <u>report and recommendation adopted</u>, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), <u>aff'd</u>, 590 Fed. Appx. 667 (9th Cir. 2014); <u>see, e.g.</u>, <u>DeBerry v. Commissioner of Social Security Administration</u>, 352 Fed. Appx. 173, 176 (9th Cir. 2009) (declining to consider claim of ALJ error where claimant failed to address issue "with any specificity" in opening brief) (citing <u>Carmickle</u>, 533 F.3d at 1161 n.2).

///

Moreover, plaintiff's conclusory assertions mischaracterize the ALJ's evaluation of plaintiff's symptoms. First, the ALJ properly gave less weight to plaintiff's subjective complaints to the extent plaintiff engaged in daily activities which require a greater level of functioning than plaintiff alleges she can actually do. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). For example, as the ALJ noted (AR 38), contrary to plaintiff's allegations of disabling symptoms, plaintiff testified at the hearing that she was "able to do [her] daily chores" (with help from her son) except for about two days out of the month when plaintiff was unable to get out of bed due to her depression (AR 59, 61), takes care of her mother for about 20 hours a month (*i.e.*, administers medication, feeds, and bathes her mother) (AR 57, 59-60), cooks and does other "daily functions around the house" (*i.e.*, vacuuming, sweeping, dishes) (AR 61), works on her computer two times a week (AR 62), takes her mother to Bingo once a week on Thursday and attends a Bible Study group on Wednesdays and church on Sundays (AR 63), does "scrapbooking" with friends "at nighttime after all the kids are asleep . . . for about an hour or two" (AR 62, 64), has coffee with friends (AR 62), goes to the supermarket (AR 63), and reads books (AR 63-64). Consistently, in her function report, plaintiff stated that she could prepare meals for herself, her husband, and her children (although now she could do so "less than daily" and her husband would help out "more often"), she could do "cooking, cleaning, laundry, [and] ironing . . . [for a] few hours on a daily basis" (also with help from her husband), plays Bingo once a week on Thursdays, would go to church weekly and go

grocery shopping three times a week for about one half hour each time, could handle her own finances, and engaged in "daily" hobbies include "reading[,] scrapbooking, and watching TV." (AR 38-39, 245-48).

As plaintiff appears to suggest (Plaintiff's Motion at 9-11), a claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted). Nonetheless, this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony. To the contrary, even where a claimant's activities suggest some difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent a claimant's apparent actual level of activity is inconsistent with the extent of functional limitation the claimant has alleged. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"); cf. Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted). Here, even though plaintiff stated that she had some difficulty functioning, substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were "less than fully credible" because plaintiff had "engaged in a somewhat normal level of daily activity and interaction." (AR 38-39); cf., e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)). While plaintiff suggests that the level of her daily activities was not inconsistent with her subjective complaints (Plaintiff's Motion at 9-10), this Court

will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. Trevizo, 871 F.3d at 674-75 (citations omitted).

Second, the ALJ properly gave less weight to plaintiff's subjective complaints to the extent effective medical treatment alleviated plaintiff's symptoms. See Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling. . . .") (citations omitted); see, e.g., Bailey v. Colvin, 659 Fed. Appx. 413, 415 (9th Cir. 2016) (evidence that "impairments had been alleviated by effective medical treatment," to the extent inconsistent with "alleged total disability[,]" specific, clear, and convincing reason for discounting subjective complaints) (citing id.). As the ALJ noted, there is evidence in the record that plaintiff's "treatment has been generally successful in controlling [plaintiff's] symptoms." (AR 39, 43) (citing, in part, Exhibit 8F at 1 [AR 487 - to December 4, 2014 Adult Psychiatric Assessment noting plaintiff "reports good response to current medications," plaintiff's "delusions [and] hallucinations" had been "resolved with medications,"and plaintiff's anxiety, mania, trembling, and shaking "improved with medications"]; Exhibit 2F at 5 [AR 351 - noting plaintiff reported feeling "stable on current dose [of medication]" and medication was simply refilled]; Exhibit 4F at 12 [AR 448 - December 7, 2012 Medication Progress Note documenting "Medication Efficacy" as "Stable"]; Exhibit 6F at [AR 479 - July 18, 2013, Medication Progress Note that plaintiff "reports good response to medication"]).

Finally, the ALJ properly gave less weight to plaintiff's subjective complaints due, in part, to the absence of supporting objective medical evidence. (See AR 39-43 [thorough discussion of record medical evidence which reflects unremarkable findings overall on objective medical testing and gradual improvement in plaintiff's condition with medication compliance]); see Burch,

400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider. . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("[ALJ may] not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."); SSR 96-7p, 1996 WL 374186, at *6 (same).

Accordingly, a reversal or remand is not warranted on the asserted basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 29, 2018

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE